IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANKIE T. HALL, | ) | |
| | ) | |
| Plaintiff, | ) | 14-CV-3290 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO, | ) | Mag. Judge Daniel G. Martin |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND

Defendant, the Board of Education of the City of Chicago ("the Board" or "Defendant"), by its attorneys, submits its Answer and Affirmative Defenses to the Complaint of Employment Discrimination ("Complaint") brought against it by plaintiff Frankie T. Hall ("Plaintiff") as follows:

1. This is an action for employment discrimination.

**ANSWER: The Board admits Plaintiff has brought an action alleging employment discrimination. The Board denies that any employment discrimination against Plaintiff occurred.**

2. The plaintiff is Frankie T. Hall of the county of Cook in the state of IL.

**ANSWER: The Board admits that its personnel records reflect Plaintiff self-reported a home address within the County of Cook. The Board lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations**

1

contained in Paragraph 2.

3. The defendant is Chicago Public Schools, whose street address is 125 S. Clark St., Chicago, Cook [County], IL, (773) 553-1000.

**ANSWER: The Board denies that the defendant is Chicago Public Schools. Per the Court's order of August 28, 2014 (Dkt. #16), Plaintiff's Complaint was amended on its face to substitute "The Board of Education of the City of Chicago" as the proper defendant. The Board admits that its principal offices are located at 125 S. Clark St., Chicago, Illinois 60603. The Board admits that (773) 533-1000 is a telephone number associated with the Board that may be called for general information about Chicago Public Schools.**

4. The plaintiff sought employment or was employed by the defendant at [no address given in Complaint].

**ANSWER: Paragraph 4 of Plaintiff's form Complaint was left blank, and, as such, no answer from the Board is necessary. Answering further, the Board admits Plaintiff is employed by the Board and is currently on a voluntary leave of absence.**

5. The plaintiff was hired and is still employed by the defendant.

**ANSWER: The Board admits the allegations contained in Paragraph 5. Answering further, Plaintiff is currently on a voluntary leave of absence from the Board.**

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, [no date listed in Complaint].

**ANSWER: Paragraph 6 of Plaintiff's form Complaint was left blank, and, as such, no answer from the Board is necessary. Answering further, the Board denies it discriminated against Plaintiff at any time.**

7.1 (a) The defendant is not a federal agency, and the plaintiff ["has or has not" (unspecified in Complaint)] filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following governmental agencies: the United States Equal Employment Opportunity Commission, on or about 01 [of] 2014.

(b) If charges were filed with an agency indicated above, a copy of the charge is attached ["'YES' or 'NO, but plaintiff will file a copy of the charge within 14 days'" not specified by Plaintiff in Complaint].

**ANSWER:**

**(a) Subparagraph 7.1(a) of Plaintiff's form Complaint was left blank, and, as such, no answer from the Board is necessary. Answering further, the Board admits it is not a federal governmental agency. Answering further, the Board admits Plaintiff filed a charge of discrimination against the Board with the United States Equal Employment Opportunity Commission ("EEOC") on January 31, 2014.**

**(b) Subparagraph 7.1(b) of Plaintiff's Complaint was left blank, and, as**

such, no answer from the Board is necessary. Answering further, the Board admits Plaintiff filed a charge against it with the EEOC. The Board denies a copy of that charge was attached to Plaintiff's Complaint at the time it was filed or within fourteen days thereafter.

7.2 The defendant is a federal governmental agency, and the plaintiff received a Final Agency Decision on 02/10/2014 [illegible]. Attached is a copy of the "Complaint of Employment Discrimination" and "Final Agency Decision" ["'YES' or 'NO, but a copy of will be filed within 14 days'" not specified by Plaintiff in Complaint].

ANSWER: The Board denies it is a federal governmental agency. Answering further, the Board admits it is a local governmental agency pursuant to state statute. The Board lacks knowledge or information sufficient to form a belief as to the truth of whether Plaintiff received a Final Agency Decision on February 10, 2014. Answering further, the Board admits the EEOC issued to Plaintiff a "Notice of Suit Rights" on February 5, 2014. Answering further, the Board denies that either a copy of the Complaint of Employment Discrimination or a Final Agency Decision were attached to Plaintiff's Complaint or filed within fourteen days thereafter.

8. [Left blank by Plaintiff]

ANSWER: Paragraph 8 of Plaintiff's form Complaint was left, and, as such, no answer from the Board is necessary. Answering further, the Board admits the EEOC issued to Plaintiff a "Notice of Suit Rights" on February 5, 2014. The Board

**lacks knowledge or information sufficient to form a belief as to the truth of whether or when Plaintiff received a copy of that notice. Answering further, the Board denies that a copy of the EEOC's "Notice of Suit Rights" issued to Plaintiff was attached to her Complaint.**

9. The defendant discriminated against the plaintiff because of the plaintiff's Age (Age Discrimination Employment Act), Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981), Disability (Americans with Disabilities Act or Rehabilitation Act), and Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

**ANSWER:  The Board denies the allegations contained in Paragraph 9.**

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

**ANSWER:  The Board admits it is a local governmental agency created pursuant to state statute. The Board admits Plaintiff alleges discrimination on the basis of race and color. The Board denies that any discrimination against Plaintiff on the basis of race or color occurred.**

11. Jurisdiction over the statutory violations alleged is conferred as follows: Title VII claims by 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C. §1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C. §12117; for

the Rehabilitation Act, 29 U.S.C. § 791.

**ANSWER: The Board admits this Court has jurisdiction over Plaintiff's claims in this lawsuit. The Board denies that the alleged statutory violations occurred.**

12. The defendant failed to reasonably accommodate the plaintiff's disabilities, failed to stop harassment, [and] retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above.

**ANSWER: The Board denies the allegations contained in Paragraph 12.**

13. The facts supporting the plaintiff's claim of discrimination are as follows:

- Over 40
- Refused to give supplies to me while supporting younger, caucusion [*sic*] teacher.
- Continued harassment
- Refused to give consideration after disability leave.
- Suspended without due process.

**ANSWER: The Board admits Plaintiff is over the age of forty. The Board denies the remaining allegations contained in Paragraph 13.**

14. [*AGE DISCRIMINATION ONLY*] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

**ANSWER:  The Board denies the allegations contained in Paragraph 14.**

15. The plaintiff demands that the case be tried by a jury ["YES" or "NO" not specified by plaintiff in Complaint].

**ANSWER:  Paragraph 15 of Plaintiff's form Complaint was left blank, and, thus, no answer is necessary from the Board. Answering further, the Board admits Plaintiff expressed in open court she intends to demand a trial by jury.**

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff: Direct the defendant to return to job status in a different school, give me all back pay, remove negative E3 on my name. Consideration for deformation [*sic*] of character and pain and suffering confinsation [*sic*].

**ANSWER:  The Board denies Plaintiff is entitled to any relief based on the claims in her Complaint.**

## JURY DEMAND

The defendant, the Board of Education of the City of Chicago, respectfully demands a jury trial.

# AFFIRMATIVE DEFENSES

1. To the extent Plaintiff failed to mitigate her damages, her recovery, if any, should be reduced.

2. To the extent Plaintiff seeks punitive damages, the Board cannot be held liable for punitive damages pursuant to 42 U.S.C. § 1981a(b)(1). *See Baker v. Runyon*, 114 F.3d 668, 669 (7th Cir. 1997); 42 U.S.C. § 1981a(b)(1) (precluding punitive damages under Title VII against a government or government agency); *Baker v. Runyon*, 114 F.3d 668, 669 (7th Cir. 1997) (same); *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 773 (7th Cir. 2002) (under the ADEA, "[p]laintiffs may not ... recover money damages for pain and suffering, nor may they obtain punitive damages"); *Bell v. City of Milwaukee*, 746 F.2d 1205, 1270 (7th Cir. 1984) (precluding punitive damages against a municipality under § 1981, overruled on other grounds, *Russ v. Watts*, 414 F.3d 783, 791 (7th Cir. 2005).

3. To the extent that Plaintiff seeks compensatory damages under the ADEA, the Board cannot be held liable for such damages. *See Espinueva v. Garrett*, 895 F.2d 1164, 1165 (7th Cir. 1990) (noting the ADEA does not authorize awards of compensatory or punitive damages, as opposed to 'equitable' relief such as reinstatement and back pay3); *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 773 (7th Cir. 2002) (under the ADEA, "[p]laintiffs may not ... recover money damages for pain and suffering, nor may they obtain punitive damages")

4. Allegations regarding events which occurred more than three hundred (300) days prior to the time Plaintiff filed her charges with the Equal Employment Opportunity Commission are time-barred.

5. Allegations that Plaintiff failed to raise before the Equal Employment Opportunity Commission are barred.

6. The Board has established a reasonably accessible procedure by which alleged victims of discrimination, harassment, retaliation, or other inappropriate activities could make their complaints known to appropriate officials who were in a position to respond to complaints. Plaintiff unreasonably failed to use such procedures or to otherwise avoid harm.

Respectfully submitted,

JAMES L. BEBLEY
General Counsel

By: /s/ R. Seth Shippee
Assistant General Counsel
Board of Education of the City of Chicago
125 S. Clark St., Ste. 700
Chicago, Illinois 60603
(773) 553-1720

### CERTIFICATE OF SERVICE

I, R. Seth Shippee, an attorney, certify that I caused the foregoing **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND,** to be served upon Plaintiff Frankie T. Hall at 307 E. 25th St., 3W, Chicago, IL 60616, by causing it to be deposited with the U.S. Postal Service, proper postage pre-paid, on September 16, 2014.

/s/ R. Seth Shippee